United States District Court
Eastern District of New York

------------------------------------X

Salvatore Guastella, Anthony
Guastella, Francesco Guastella, &
Baldassare Guastella,                           **Order**

    Plaintiffs,            No. 24-cv-3256 (KAM) (ST)

 - against -

James R. Fitzgerald, 41 Forest
Realty, LLC, & Applied Systems
Marketing LLC,

    Defendants.

------------------------------------X

**Kiyo A. Matsumoto, United States District Judge**:

 Plaintiffs Salvatore Guastella, Anthony Guastella, Francesco Guastella, and Baldassare Guastella (together, "Plaintiffs") initiated this action against Defendants James R. Fitzgerald ("Fitzgerald"), 41 Forest Realty, LLC ("Forest Realty"), and Applied Systems Marketing, LLC ("Applied Systems," and together, "Defendants") in New York State Supreme Court, Nassau County on November 15, 2023, alleging breach of contract, breach of implied covenant of good faith and fair dealing, and specific performance arising out of the sale of the real property located at 41-49 Forest Avenue, Glen Cove, New York, 11542 (the "State Court Action"). (*See generally* ECF. No. 3, Compl.)

 On February 1, 2024, Applied Systems filed a voluntary

bankruptcy petition under Chapter 11 of Title 11 of the United States Bankruptcy Code. (ECF No. 1, Not. of Removal ¶ 1; ECF No. 1-1, Bankruptcy Petition at 2-3, 12-13.) On May 1, 2024, Applied Systems removed the State Court Action to this Court pursuant to 28 U.S.C. §§ 1331, 1334, and 1452(a), 28 U.S.C. §§ 157(b)(2)(A), (B), and (O), and Federal Rules of Bankruptcy Procedure 9027. (*See* ECF No. 1, Not. of Removal at 1-2); *In re Applied Systems Marketing, LLC*, Case No. 24-bk-70422 (LAS) (E.D.N.Y.) (the "Bankruptcy Case"). Applied Systems also requested that the case be referred to the United States Bankruptcy Court for the Eastern District of New York ("Bankruptcy Court") pursuant to 28 U.S.C. § 157 and Bankruptcy Court Administrative Order 264. (Not. of Removal ¶¶ 6, 15); E.D.N.Y Admin. Order 264 (Aug. 28, 1986).

On November 21, 2024, the Court directed Plaintiffs to submit a response to Applied System's motion, if any, by December 2, 2024. (ECF Dkt. Order dated Nov. 21, 2024.) Plaintiffs failed to submit any opposition or otherwise respond to Applied Systems' motion. On October 21, 2024, the Bankruptcy Court confirmed the Chapter 11 Plan. (Bankruptcy Case, ECF No. 77). On June 12, 2025, Applied Systems moved for entry of a final decree closing its bankruptcy case because the case had been fully administered. (*Id.*, ECF No. 93). On June 16, 2025, the Bankruptcy Court granted the motion to close Applied System's bankruptcy case. (*Id.*, ECF No. 95). On July 9, 2025, the Bankruptcy Case was marked as closed. On

2

September 17, 2025, the Court directed the Parties to advise the Court by September 25, 2025, as to the status of Defendant Applied Systems Marketing LLC's bankruptcy petition and what claims, if any, required resolution before this Court.  (ECF Dkt. Order dated Sep. 17, 2025.)  The Parties failed to respond. The Court *sua sponte* ordered an extension of the deadline to respond to October 3, 2025, and advised that failure to respond may result in dismissal of the action without prejudice per Fed. R. Civ. P. 41(b).  (ECF Dkt. Order dated Sep. 26, 2025.)  On October 6, 2025, the Court ordered Plaintiffs to show cause by October 20, 2025 as to why this action should not be dismissed for failure to prosecute and failure to comply with court orders pursuant to Fed. R. Civ. P. 41(b) for failure to respond to the Court Orders dated September 17, 2025 and September 26, 2025.  (ECF Dkt. Order dated Oct. 6, 2025.)  To date, the Court has received no response.

Plaintiffs' case is therefore DISMISSED without prejudice for failure to prosecute and failure to comply with court orders.

## Discussion

"Although not explicitly authorized by Rule 41(b) [of the Federal Rules of Civil Procedure], a court may dismiss a complaint for failure to prosecute *sua sponte*," and may do so for failure to prosecute and failure to comply with a court order. *Zappin v. Doyle*, 756 F. App'x 110, 111-12 (2d Cir. 2019) (summary order) (citing *Spencer v. Doe*, 139 F.3d 107, 112 (2d

3

Cir. 1998)); *Link v. Wabash R. Co.*, 370 U.S. 626, 630-31 (1962) ("The authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."). A court considering whether to dismiss an action for failure to prosecute must weigh the following factors:

> (1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal. No single factor is generally dispositive.

*Zappin,* 756 F. App'x at 112 (quoting *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014)). The factors here favor dismissal of this case.

*First*, Plaintiffs have not taken any actions to prosecute this case since Applied Systems filed a notice of removal over a year and a half ago on May 1, 2024, despite repeated Court Orders that Plaintiffs take action to prosecute their case. (*See* ECF Dkt. Order dated Nov. 21, 2024, ECF Dkt. Order dated Sep. 17, 2025, ECF Dkt. Order dated Sep. 26, 2025.) Plaintiffs continued to take no action despite this Court's October 6, 2025

4

Order, issued more than four weeks ago, that Plaintiffs show cause by October 20, 2025 as to why this action should not be dismissed. The deadline for Plaintiffs to make their intentions known passed more than two weeks ago, favoring dismissal.

*Second*, the Court's October 6, 2025 Order put Plaintiffs on notice that the Court would dismiss this action for failure to prosecute and failure to comply with court orders unless Plaintiffs responded. Plaintiffs did not respond.

*Third*, "while the prejudice to defendant and the burden on the Court are currently minimal, [P]laintiff[s'] delay 'lean[s] in the direction of dismissal' even if 'only slightly.'" *Rozell v. Berryhill*, No. 18-cv-969 (AJN)(JLC), 2019 WL 1320514, at *2 (S.D.N.Y. Mar. 25, 2019) (quoting *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 210 (2d Cir. 2001)). Defendants have an interest in having this case dismissed and closed if Plaintiffs do not intend to see it through.

*Fourth*, the Court must also consider the heavy demands of its docket. This case has languished in this Court since May 1, 2024. Plaintiffs have not filed any motions, responses, or documents in this case, and Plaintiffs' counsel has not indicated that Plaintiffs intend to move forward with this action, despite the Court's numerous orders to inform the Court of Plaintiffs' intentions. "Since [P]laintiff[s have] shown no interest in moving this case forward, the Court's need to reduce

5

docket congestion outweighs the [P]laintiff[s'] right to be heard in this case." *Phair v. Suffolk Cty. Corr. Facility*, No. 19-cv-3302 (GRB) (LB), 2020 WL 3489495, at *2 (E.D.N.Y. June 26, 2020) (citing *Caussade v. United States*, 293 F.R.D. 625, 631 (S.D.N.Y. 2013)); *see also Antonios A. Alevizopoulos & Assocs., Inc. v. Comcast Int'l Holdings, Inc.*, No. 99-cv-9311 (SAS), 2000 WL 1677984, at *3 (S.D.N.Y. Nov. 8, 2000) ("The efficient administration of judicial affairs—a consideration vital to the Court's ability to provide meaningful access to other litigants—depends on the Court's overseeing its docket and guaranteeing that its cases progress with appropriate speed.") (citing *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 42 (2d. Cir. 1982); *Chira v. Lockheed Aircraft Corp.*, 634 F.2d 664 668 (1980).

*Finally*, no lesser sanction will be effective in moving this action forward. Plaintiffs have ignored its obligation to prosecute this case and ignored this Court's most recent order to advise the Court how they intend to proceed. If the case is not dismissed, it will likely remain open and stalled for the foreseeable future.

## Conclusion

Accordingly, the case is hereby DISMISSED for failure to prosecute and failure to comply with Court orders.  The Clerk of Court is respectfully requested to serve a copy of this Order on Defendants James R. Fitzgerald and 41 Forest Realty, LLC.  The

6

Clerk of Court is further directed to enter judgment dismissing the case without prejudice, and to close the case.

**So ordered.**

Dated:   November 6, 2025
         Brooklyn, New York

_____
**Kiyo A. Matsumoto**
United States District Judge
Eastern District of New York